## Jones v. Hudson et al.

*J. K. Nicholls*, for plaintiff.

*C. O. Sowers, Gibbons & Whitaker* and *C. L. Comber*, for defendants.

MARTIN, P. J., July 5, 1928.—A bill in equity was filed by plaintiff and answers were filed by the defendants.

Two hundred and thirty-seven interrogatories were filed by Jesse B. Hudson, one of the defendants, to be answered by plaintiff. Plaintiff moved to strike off the interrogatories. .

The Rules of Equity Practice adopted and to become effective Jan. 1, 1925, provide, in Rule 60, that "either party to suits in equity may obtain or require the production of evidence by commission, by letters rogatory, by depositions, by proceedings under the Act of Feb. 27, 1798, 3 Sm. Laws, 303, or by any other method recognized at law or in equity, or provided by statute now or hereafter enacted, in the same manner and with the same effect as upon the law side of the court; and either party may use the evidence taken, though it was obtained by his adversary."

Rule 35 provides: "After a case has been duly commenced, the court, on cause shown, may order the defendant to produce, and permit plaintiff to make a copy of, any books or papers in defendant's possession or under his control which are necessary to enable plaintiff to properly prepare his bill, or plaintiff may aver, to the best of his knowledge, information and belief, the substance of the books and papers of which he has not a copy, that he has not been able to procure the same, and pray that defendant be required to set forth the same in full in his answer. If, after notice of the order of the court requiring him to produce the books or papers, defendant fails or refuses to comply with it, he shall be liable as in other cases of contempt of court."

Rule 53 provides: "Under the circumstances appearing in Rule 35, like proceedings may be taken to compel the opposite party to produce books and papers necessary for the proper preparation of answers and replications."

Counsel for defendant claims the right to issue the interrogatories under Rule 91, which is as follows: "In all cases where these rules do not apply, the practice shall conform, as nearly as may be, to the practice in courts of law in regard to the particular matter; and in all other respects shall be regulated by the practice in equity prescribed by the Supreme Court of the United States, so far as the same may reasonably be applied, consistently with the local circumstances and local convenience of the county where the court is held, not as positive rules, but as furnishing just analogies to regulate the practice;" and Rule 7 of the equity rules adopted by the Supreme Court of Pennsylvania, May 27, 1865, which provided that:

"Specific interrogatories to defendants shall not be included in the bill, but may be filed separately. In like manner, any defendant shall be entitled to file interrogatories to any of the plaintiff's after he shall have put in his own answer to the bill. In either case, they may be filed at any time before the taking of testimony is begun, and shall be deemed, with the answers, part of the pleadings. By special order on notice, they may be filed after testimony

4

has been taken, and answers required at such time as the court or a law judge may order. . . . A copy shall be served on each party required to answer them, or his counsel, and an order of course to answer within ten days after such service, and on neglect to answer any interrogatory and serve a copy of such answer within that time, the plaintiff or defendant, as the case may be, shall be entitled to move for an attachment to compel an answer."

There is no reference to the Rules of 1865 in the rules adopted May 30, 1924, under which the present proceeding is presented.

The preamble to the rules now in force declares that, "for the purpose of making the practice and procedure in equity conform as nearly as may be to the legislature's requirements with regard to practice and procedure at law, it is ordered that on and after January 1, 1925, the Rules of Equity Practice in Courts of Equity in the Commonwealth of Pennsylvania shall be as hereinafter set forth."

There is no mention of the right to file interrogatories.

In view of the extensive remedies afforded all parties to obtain information, including the right to call the opposite party for cross-examination, the discontinuance of the custom of appointing examiners and masters and requiring hearings before the court, it is not unreasonable to assume that interrogatories are no longer to be employed in equity practice in cases where the rules of practice now in force apply.

An examination of the interrogatories filed in this case discloses that they are in substance cross-examination of plaintiff upon averments of the bill; many are apparently irrelevant and should, in justice to plaintiff, be submitted to a competent tribunal to pass upon their competency if an objection is made. As there is ample provision for obtaining any information to which defendant is entitled, and no reason is assigned why the present rules do not apply, the motion to strike off the interrogatories should be allowed.

And now, to wit, July 5, 1928, it is ordered and directed that the interrogatories filed by defendant, Jesse B. Hudson, to be answered by plaintiff, are struck off.